Benjamin T. Cory
Matthew A. Baldassin
Crowley Fleck PLLP
305 South Fourth Street East, Suite 100
P.O. Box 7099
Missoula, MT 59807-7099
Telephone: 406-523-3600
Facsimile: 406-523-3636
Email: bcory@crowleyfleck.com
mbaldassin@crowleyfleck.com
*Attorneys forNCWPCS MPL 28-Year Sites Tower Holdings, LLC and CCATT LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FRANK B. MILLER, JR.,<br><br>Plaintiff,<br><br>-vs-<br><br>CROWN CASTLE, NCWPCS MPL 28-YEAR SITES TOWER HOLDINGS, LLC and CCATT, LLC<br><br>Defendants. | Case No. _____<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT** |

COME NOW Defendants NCWPCS MPL 28-Year Sites Tower Holdings, LLC and CCATT LLC, (collectively "Defendants") by and through their counsel of record, Crowley Fleck, PLLP, and for their Answer to Plaintiff's Complaint, admit, deny and allege as follows:

1. Defendants admit the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3 and affirmatively state that Defendant NCWPCS is a Delaware Limited Liability Company with its principal place of business in the State of Georgia.

4. Defendants deny the allegations in Paragraph 4 and affirmatively state that Defendant CCATT LLC is a Delaware Limited Liability Company with its principal place of business in the State of Texas.

5. Defendants deny the allegations in Paragraph 5 and affirmatively state there is no entity called or entitled "Crown Castle".

6. Defendants admit that Plaintiff's Complaint requests declaratory judgment related to a cell tower. Defendants admit that jurisdiction is properly with the United States District Court for the District of Montana. As to the remaining allegations set forth in Paragraph 6, Defendants do not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 6 and, therefore, deny the same.

7. Defendants deny the allegations in Paragraph 7.

//

//

## GENERAL ALLEGATIONS

8. Defendants re-assert the answers in paragraphs 1 through 7 as though fully set forth herein.

9. Defendants admit Frank B. Miller entered into a Site Lease with Option Agreement ("Agreement") with WWC Holding Company, Inc. on or around April 10, 2000, and that the terms of that Agreement define the nature and scope of the parties' intentions and respective obligations. The Agreement permitted the installation of Antenna Facilities and other improvements as defined and set out in the Agreement. To the extent the allegations within Paragraph 9 are inconsistent with this Answer and the provisions of the Agreement, they are denied.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants do not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 11 and, therefore, deny the same.

12. The allegations in Paragraph 12 require a legal conclusion and, therefore, no response is required. In the event further response is deemed necessary, Defendants deny the allegations in Paragraph 12.

13. Defendants do not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 13 and, therefore, deny the same.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants do not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 16 and, therefore, deny the same.

17. The allegations in Paragraph 17 require a legal conclusion and, therefore, no response is required. In the event further response is deemed necessary, Defendants deny the allegations in Paragraph 17.

18. Defendants do not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 18 and, therefore, deny the same.

19. Defendants do not have sufficient knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 19 and, therefore, deny the same.

20. Defendants admit that Plaintiff takes the position stated in paragraph 20. All other allegations in paragraph 20 are denied.

21. Defendants admit that Plaintiff takes the position stated in paragraph 21. All other allegations in paragraph 21 are denied.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

### COUNT I – REQUEST FOR DECLARATORY JUDGMENT

24. Defendants re-assert the answers in paragraphs 1 through 23 as though fully set forth herein.

25. The allegations in Paragraph 25 require a legal conclusion and, therefore, no response is required. Defendants further respond that the code section cited in Paragraph 25 must be read in its entirety and in context with other sections of the code and the facts and circumstances at issue. In the event further response is deemed necessary, Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 require a legal conclusion and, therefore, no response is required. Defendants further respond that the Act referred to in Paragraph 26 must be read in its entirety and in context with the facts and circumstances at issue. In the event further response is deemed necessary, Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

## COUNT II – BREACH OF LEASE AGREEMENT

30. Defendants re-assert the answers in paragraphs 1 through 29 as though fully set forth herein.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants admit that Plaintiff may be entitled to consideration of his allegations by a trier of fact at trial. Defendants deny that Plaintiff is entitled to any damages as a matter of law.

//

//

//

//

## COUNT III – RESCISSION

39. Defendants re-assert the answers in paragraphs 1 through 38 as though fully set forth herein.

40. Defendants admit that the parties to the Agreement entered into the Agreement willingly and with full understanding of its terms and conditions. To the extent they are inconsistent with this admission, Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants admit that Plaintiff may be entitled to consideration of his allegations by a trier of fact at trial. Defendants deny that Plaintiff is entitled to any damages as a matter of law.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause or causes of action against Defendants upon which relief can be granted.

2. Plaintiff's claims are barred by the equitable doctrines of laches and waiver and the doctrine of setoff and payment.

3. Plaintiff has failed to mitigate his damages, if any.

4. Plaintiff's claims are barred by applicable statutes of limitations.

5. Plaintiff acknowledged that Agreement, together with Exhibits A-E, thereto, constitutes the entirety of the parties' agreement.

6. The execution of a written contract supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the contract. Mont. Code Ann. §§ 28-2-904 and 28-2-905.

7. Defendants have not caused any damage to Plaintiff.

8. Plaintiff's claimed damages result from superseding and intervening causes unrelated to any alleged act, error or omission on the part of Defendants.

9. Plaintiff is not entitled to an award of attorney's fees or interest.

10. Plaintiff failed to comply with terms of the Agreement related to notice of alleged defects or defaults and curing of same.

11. Plaintiff has failed to bring his claim against indispensable parties.

//

//

//

WHEREFORE, Defendants pray that the Court grant them the following relief:

1. Enter Judgment in favor of Defendants and against Plaintiff on all claims asserted in Plaintiff's Complaint;

2. Award Defendants its costs and attorney fees incurred in defense of this action;

3. Grant such further relief as the Court deems just under the circumstances.

DATED this <u>11th</u> day of August, 2015.

                CROWLEY FLECK PLLP

                By: <u>/s/ Matthew A. Baldassin</u>
                    Matthew A. Baldassin
                    Benjamin T. Cory
                    P.O. BOX 7099
                    Missoula, MT 59807-7099
                    *Attorneys for* NCWPCS MPL 28-Year Sites Tower Holdings, LLC and CCATT LLC

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2015, a copy of the foregoing document was served on the following persons by the following means:

<u>1,2,</u>  CM/ECF
_____  Hand Delivery
<u>  2  </u>  U.S. Mail
_____  Overnight Delivery Service
_____  Fax
_____  E-Mail

1. Clerk of Court

2. Cory R. Gangle
   Gangle Law Firm, PC
   P.O. Box 16356
   Missoula, MT  59808

/s/ Matthew A. Baldassin